**In re John T. FOWLER, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 91–BG–1224.**

District of Columbia Court of Appeals.

Submitted May 18, 1994.

Decided June 20, 1994.

---

---

Before FERREN and SULLIVAN, Associate Judges, and NEWMAN, Senior Judge.

NEWMAN, Senior Judge:

The Board on Professional Responsibility Board (Board or BPR) concluded that Fowl-er violated DR 7–101(A)(1) (intentionally failing to seek the lawful objectives of a client), and DR 9–103(B)(4) (failing to promptly pay or deliver client's funds). Briefly stated, the Board found that after being retained (and paid) to file a motion for a new trial in a case involving two felony convictions, Fowler not only intentionally failed to file the appropriate motions, but refused to return the fee upon demand. After a remand from this court, the Board recommends that Fowler be suspended for thirty days, with execution of the sanction being "suspended." We are required to "accept the findings of fact made by the Board unless they are unsupported by substantial evidence of record, and shall adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." D.C.Bar R. XI, § 9(g). We accept the findings of fact of the Board on the violations and hold that Fowler did indeed violate the above-cited disciplinary rules. However, since the sanction recommendation is (1) based upon a finding relevant only to the sanction which is directly contrary to the record; (2) would foster inconsistent discipline; and (3) is thus "unwarranted," we reject the Board's recommendation that execution of the sanction be suspended. We impose a thirty-day suspension to be served.

 The Board recommended that the "sanction be suspended ... [because of] ... the length of time that has passed since the initiation of Bar Counsel's investigation and the date in the future on which the Court of Appeals may impose a sanction ... *where none of the lengthy delay is attributable to Respondent* [,] ... the actual imposition of ... [such a] ... suspension would be unfair." (Emphasis added.) To properly evaluate the Board's factual finding that "none of the lengthy delay is attributable to Respondent," it is appropriate to set forth the chronology of these proceedings, in so far as the record before us discloses.

October 1988—Actions by Fowler which are the basis of these proceedings.

May 1989—Bar Counsel's Petition Instituting Formal Disciplinary Proceedings.

July 1989—Hearing before Hearing Committee Number Ten with full briefing.

December 1989—Report of Hearing Committee filed with the Board.

July 31, 1991—BPR's Report and Recommendation (R & R) filed with the District of Columbia Court of Appeals.

August 22, 1991—Fowler's motion to extend time to file exceptions to BPR's R & R until September 9, 1991.

August 29, 1991—Order granting Fowler's extension to file exceptions.

September 9, 1991—Fowler's exceptions to BPR's R & R filed.

September 11, 1991—Order requiring Fowler's brief to be filed with this court in forty days with Bar Counsel's brief due thirty days thereafter.

October 15, 1991—Fowler's motion to extend time to file brief by forty days.

October 21, 1991—Order directing that Fowler's brief be filed within thirty days.

November 26, 1991—Ordered that Fowler's brief be filed within five days or case will be scheduled on Report and Recommendation of BPR alone.

January 21, 1992—Ordered that Fowler's brief be filed within ten days or case to be scheduled on Report and Recommendation of BPR alone.

March 3, 1992—Ordered that case be considered on BPR's Report and Recommendation alone.

June 30, 1992—Case submitted to a division of the court for decision based upon the Report and Recommendation of BPR alone.

July 1, 1992—Division notified that Fowler filed suit on June 23, 1992 in U.S. District Court to enjoin further proceedings and that he was appealing denial of relief both in U.S. Court of Appeals and U.S. Supreme Court.

March 14, 1993—Court notified that no further proceedings pending in the Supreme Court.

October 18, 1993—Division notified that no further proceedings pending in any federal court.

October 28, 1993—Order remanding the case to BPR for reconsideration of sanction.

February 2, 1994—BPR's Report and Recommendation on remand filed with this court.

May 18, 1994—Case reassigned to division.

While the records before this court do not disclose what part, if any, of the time between the filing of Bar Counsel's petition instituting these proceedings in May 1989 and the Board's original Report and Recommendation filed here on July 31, 1991, was occasioned by Fowler's action, the chronology recited above demonstrates without cavil, that the "delay" in this court was occasioned by his requests for extensions of time to file first his exceptions, and then his brief (which he never filed in spite of an extension of time granted at his request followed by two show cause orders regarding scheduling the case for decision on the Board's Report and Recommendation alone). This consumed the period of July 31, 1991 to March 3, 1992, when the case was calendared for decision. This "delay" is entirely chargeable to Fowler.

The day after the case was submitted to this division of the court on June 30, 1992, the division was informed that Fowler had filed suit in the United States District Court on June 23, 1992, seeking a temporary restraining order and a preliminary injunction seeking to bar further proceedings in this case. Among the approximately seventy-two persons he named as defendants was then Chief Judge Rogers of this court, the Board on Professional Responsibility and Bar Counsel.[1] We were informed that while the Dis-

---

1. The Executive Attorney for the BPR entered an appearance for the BPR and appeared at a motions hearing.

trict Court had denied relief, and that the U.S. Court of Appeals had done so likewise (and had commenced a procedure likely to lead to summary affirmance), Fowler had filed an emergency petition for a writ of prohibition, petition for certiorari, etc., in the United States Supreme Court. Given the pending federal court proceedings, we took no further action to dispose of the case, at that time. On March 14, 1993, the Office of the Corporation Counsel of the District of Columbia, counsel for Chief Judge Rogers in the federal litigation, informed this court that there were no further proceedings pending in the Supreme Court. On October 18, 1993, the Clerk of this court informed the division that no further proceedings were pending in any federal court. We entered the remand order shortly thereafter. Thus, it is clear that virtually all of the delay from June 30, 1992 to October 18, 1993, was occasioned by Fowler's action in seeking federal court intervention to prevent this court from deciding this case. This delay is chargeable to him. Thus, virtually all the delay from July 31, 1991 (when the Board's Report and Recommendation was filed in this court), and October 28, 1993 (the date of our remand order), resulted from the actions or inactions of Fowler.

The first decision of this court pertinent to delay as a factor in the sanction calculus was *In re Williams*, 513 A.2d 793 (D.C.1986) (*Williams II*). There, the Board recommended dismissal of disciplinary charges against an attorney on speedy trial grounds. This recommendation was made after we reversed the Board's proposed disbarment of Williams as a violation of due process. *See In re Williams*, 464 A.2d 115 (D.C.1983) (*Williams I*). In *Williams II, supra*, 513 A.2d at 796, we rejected the Board's attempt to apply a speedy prosecution analogy to the disciplinary process, noting that the primary purpose of the disciplinary system is protec-

tion of the interest of the public (citing *Ex parte Wall*, 107 U.S. 265, 288, 2 S.Ct. 569, 588–89, 27 L.Ed. 552 (1883)). We noted that in appropriate circumstances, an alternative approach (as suggested by the Hearing Committee in *Williams II*) was to treat "the lapse of time as a possible mitigating factor." *Williams II, supra*, 513 A.2d at 798. The first case where time delay was a mitigating factor was *In re Hessler*, 549 A.2d 700, 716 (D.C.1988). There, the Board had used the time delay which was no fault of Hessler's as a part of the basis for recommending a one-year suspension. We reduced the suspension to six months. There is no discussion of time delay in the court's opinion. It is discussed in the Board's R & R which is attached to that opinion as an Appendix. *In re Hessler, supra*, 549 A.2d at 716. We next mentioned time delay in *In re Miller*, 553 A.2d 201 (D.C.1989) and *In re Schneider*, 553 A.2d 206 (D.C.1989), cases decided on the same day. In *Miller*, the majority merely noted the historical fact that the Board had considered time delay as a mitigating factor in recommending a one-year suspension. *In re Miller, supra*, 553 A.2d at 203.[2] In *Schneider*, a majority of the division cited the time delay as a factor in reducing the sanction recommended by the Board from a six-month suspension to one of thirty days.[3] *In re Schneider, supra*, 553 A.2d at 212. Next came *In re Evans*, 578 A.2d 1141 (D.C.1990). Our opinion contains no discussion of time delay. However, we attached to our opinion as an Appendix the Board's R & R (as we had done in *Hessler*). In that R & R, the Board noted (with apparent approval) that Evans had abandoned his claim of delay as a mitigating factor "when Bar Counsel pointed out that most of the delay was attributable to Respondent's own actions." *In re Evans, supra*, 578 A.2d at 1152, n. 14.

■ The Board, in its R & R after remand, cites both *Schneider* and *Miller* in

---

**2.** The division, one judge dissenting, rejected the Board's one-year suspension recommendation and imposed a thirty-day one instead. *In re Miller, supra,* 553 A.2d at 206.

**3.** The dissenting judge found that no violation had been proven consistent with due process. *In re Schneider, supra,* 553 A.2d at 215 (Newman, J., dissenting).

support of its recommendation. While we do not venture to opine under what circumstances time delay may properly mitigate an otherwise appropriate sanction,[4] we do express the view that the circumstances of the individual case must be sufficiently unique and compelling to justify lessening what would otherwise be the sanction necessary to protect the public interest. This is clearly not such a case. The delay from July 31, 1991 to October 18, 1993, beyond that minimally necessary to the judicial decision-making process, was almost entirely resultant from the actions and/or inactions of Fowler. The time period from the remand on October 28, 1993, until the Board's new Report which was filed with this court on February 2, 1994, and our decision of this date represents no more than the time necessary to properly determine this issue on remand. Whatever may be the unique and compelling circumstances sufficient to mitigate an otherwise appropriate disciplinary sanction necessary to protect the public interest, none such exist here.

Since the factual premise of the Board's mitigation recommendation, *i.e.,* that the time delay was not "attributable to Respondent" is plainly wrong; since the Board's recommendation would foster inconsistent discipline; and since its recommendation is thus "unwarranted," we impose a thirty-day suspension.[5]

*So ordered.*

---

4. However, *see Johnson v. United States,* 398 A.2d 354, 364 (D.C.1979) (exercise of discretion must be on principled basis).

5. This suspension shall become effective thirty days from the date of this opinion. Fowler's attention is drawn to D.C.Bar R. XI, § 14.