**In re Marsden S. COATES, Respondent**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 03–BG–1084.**

District of Columbia Court of Appeals.

Aug. 5, 2004.

Before TERRY and STEADMAN, Associate Judges, and KING, Senior Judge.

PER CURIAM:

Respondent, Marsden S. Coates, was suspended on September 8, 2003, from the practice of law in Maryland for one year based on a joint consent petition filed by respondent and the Maryland Attorney Grievance Commission. *Attorney Grievance Comm'n v. Coates,* 376 Md. 699, 831

A.2d 1042 (2003). This suspension was the result of respondent's misconduct in two cases. In the first case, he failed to return his client's numerous phone calls, to comply with his client's reasonable requests for information, to supervise his non-legal staff adequately, and to advise his client of a deportation hearing at which her presence was required.[1] In the second, he failed to deposit his client's retainer in a properly designated escrow account and failed to communicate with her about the status of her case.

Respondent did not report his suspensions to Bar Counsel as he was required to do by D.C. Bar Rule XI, § 11(b). However, after learning of respondent's discipline directly from the Maryland Court of Appeals, Bar Counsel reported it to this court, and he was temporarily suspended on October 16, 2003, pursuant to Rule XI, § 11(d). The court also referred the matter to the Board on Professional Responsibility ("the Board") and directed it either to recommend whether identical, greater, or lesser discipline should be imposed as reciprocal discipline, or to state that it would elect to proceed *de novo* under Rule XI, § 11.

The Board has now submitted a Report and Recommendation asking the court to impose identical reciprocal discipline, and proposing that for the purposes of reinstatement the period of suspension should run from the time respondent files the affidavit required by D.C. Bar Rule XI, § 14(g). Bar Counsel has informed the court that she takes no exception to the Board's Report and Recommendation. Respondent did not participate in the proceedings before the Board and has not filed any exceptions in this court to the Board's recommendation.

---

1. Respondent's client was ordered to be de-   ported as a result of her failure to appear.

In light of the heightened deference we give the Board's recommendation in cases such as this in which no exceptions are filed, *see* Rule XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997), and given the rebuttable presumption favoring identical reciprocal discipline, *see, e.g., In re Goldsborough*, 654 A.2d 1285 (D.C. 1995); Rule XI, § 11(f), we adopt the Board's recommendation.

It is therefore ORDERED that respondent, Marsden S. Coates, is hereby suspended from the practice of law in the District of Columbia for the period of one year. For the purpose of seeking reinstatement to the Bar, respondent's suspension shall not begin until he complies with the affidavit requirements of D.C. Bar Rule XI, § 14(g); *see also* Rule XI, § 16(c). Until then, he shall remain under the temporary suspension imposed by order of this court on October 16, 2003.