**In re Steven M. ANGEL, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 405417).**

**Nos. 03–BG–1090, 04–BG–1486.**

District of Columbia Court of Appeals.

Submitted Dec. 9, 2005.

Decided Dec. 22, 2005.

Before FARRELL, RUIZ, and FISHER, Associate Judges.

PER CURIAM:

These consolidated cases involve recommendations for reciprocal discipline of public censure and a five-year suspension with a fitness requirement. On January 19, 1993, the Oklahoma Supreme Court publicly reprimanded the respondent, Steven M. Angel; a reciprocal case was opened in this jurisdiction when Bar Counsel learned of the discipline in Oklahoma (03–BG–1090). Thereafter, faced with thirteen additional grievances under investigation in Oklahoma, and claiming mental distress caused by family illnesses, respondent tendered his resignation from the practice of law in Oklahoma. On January 26, 2004, the Oklahoma Supreme Court approved respondent's resignation and directed respondent to reimburse the Client Security

Fund for any money disbursed due to his conduct, struck his name from the Roll of Attorneys, and prohibited respondent from applying for reinstatement prior to the expiration of five years.

Respondent failed to report the Oklahoma disciplinary matters to Bar Counsel as required by D.C. Bar R. XI, § 11(b). After learning of the order approving respondent's resignation, Bar Counsel filed a certified copy of the order with this court in 04–BG–1486. This court referred the matters to the Board on Professional Responsibility ("Board") to determine whether identical, greater, or lesser discipline should be imposed as reciprocal discipline or whether the Board would elect to proceed *de novo* pursuant to D.C. Bar R. XI, § 11.[1] In 04–BG–1486, this court temporarily suspended respondent from the practice of law in the District of Columbia pending final disposition. The court then consolidated the two pending matters. In the second disciplinary matter (04–BG–1486), the Board recommended that we impose reciprocal discipline in the form of a five-year suspension with a fitness requirement. Bar Counsel took no exception to either of the Board's reports and recommendations. Respondent did not file any opposition to the Board's reports and recommendations.

There is a rebuttable presumption that the sanction imposed by this court in a reciprocal discipline case will be identical to that imposed by the original disciplining court. *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992). This presumption is rebutted only if the respondent demonstrates, or the face of the record reveals, by clear and convincing evidence the existence of one of the conditions enumerated in D.C. Bar R. XI, § 11(c). *See* D.C. Bar R. XI, § 11(f). As the Board noted in its report filed in 04–BG–1486, this court has, in similar cases involving resignations, followed the recommendation of the Board and imposed both disbarment and suspensions with a fitness requirement as reciprocal discipline. *See In re Laibstain,* 841 A.2d 1259 (D.C.2004), and *In re Brown,* 797 A.2d 1232 (D.C.2002). The Board also noted that disbarment has been imposed where the conduct was serious enough to have resulted in such penalty if it had occurred in this jurisdiction. However, based upon the scant record before this court, it does not appear that any of the conduct that occurred in Oklahoma would have resulted in disbarment in this jurisdiction. The Board further noted that respondent alleged circumstances in the Oklahoma proceedings that would constitute mitigating circumstances of mental infirmity in this jurisdiction pursuant to *In re Kersey,* 520 A.2d 321 (D.C.1987), and would justify suspension rather than disbarment. That being said, respondent's failure in this case to file any exception to the Board's reports and recommendations is treated as a concession that reciprocal discipline in the form of suspension from the practice of law is warranted. *In re Goldsborough,* 654 A.2d 1285 (D.C.1995).[2] Accordingly, it is

---

1. Respondent was administratively suspended for non-payment of bar dues between 1991 and 2000. Respondent was again administratively suspended on September 30, 2003, for non-payment of bar dues, and he has remained in suspended status since that time.

2. In *In re Cater,* No. 03–BG–624, 887 A.2d 1 (D.C.2005), this court recently clarified the legal standard to be followed in deciding whether a requirement that respondent demonstrate fitness to practice law is warranted. The records in these cases meet that standard because they "contain clear and convincing evidence that casts a serious doubt upon the attorney's continuing fitness to practice law . . . ." *Id.,* at 6. Respondent will have to apply for reinstatement of his license should he seek to resume the practice of law in Oklahoma, and it is appropriate that he also must demonstrate his fitness before he may resume practice in this jurisdiction.

ORDERED that in 03–BG–1090, Steven M. Angel is hereby publicly censured. It is

FURTHER ORDERED that in 04–BG–1486, Steven M. Angel shall be suspended from the practice of law in the District of Columbia for the period of five years. Reinstatement in the District of Columbia shall be conditioned on respondent's proof of his fitness to practice law. We again direct respondent's attention to the requirements of D.C. Bar R. XI, § 14(g) and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*