**In re Steven F. GOLDMAN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 484050).**

No. 05–BG–484.

District of Columbia Court of Appeals.

Submitted Oct. 31, 2006.

Decided Nov. 9, 2006.

Before RUIZ and FISHER, Associate Judges, and SCHWELB, Senior Judge.

PER CURIAM:

On March 31, 2006, in this reciprocal disciplinary proceeding, the Board on Professional Responsibility recommended that Steven F. Goldman, a member of our Bar, be suspended from practice in the District of Columbia for five years and that his reinstatement be conditioned upon proof of fitness to practice. Neither Bar Counsel nor Goldman has excepted to this recommendation, and we adopt it.

In 2004, Goldman resigned from the New York Bar while he was the subject of an investigation by that state's disciplinary authorities of allegations of misconduct. On December 16, 2004, Goldman executed a Resignation Affidavit in which he represented that the New York Disciplinary Committee

(1) is alleging that ... I received settlement monies on behalf of four clients [totaling $76,500], that I withdrew funds from these settlements without the knowledge and consent of the aforementioned clients, and that I used the settlement monies for my own purposes before remitting monies to the clients.

(2) I am also aware that the Committee is alleging that I failed to retain full records for my attorney trust accounts....

Goldman further "acknowledge[d] that if the charges described in [the foregoing paragraphs] were filed, I could not successfully defend myself on the merits against such charges." On the basis of the facts admitted by Goldman in his affidavit, the Appellate Division of the New York Supreme Court (First Department) removed Goldman's name from the roll of attorneys authorized to practice in New York. Under New York law, the effect of the Appellate Division's order was that Goldman became ineligible to seek reinstatement until seven years after the effective date of his resignation. *See* N.Y. Comp.Codes R. & Regs. tit. 22, § 603.14 (2006).

 In the District of Columbia, a sister court's acceptance of an attorney's resignation pending a disciplinary investigation is a proper predicate for reciprocal discipline. *In re Richardson,* 692 A.2d 427, 431 (D.C.1997). The discipline recommended by the Board in this case—suspension for five years, with reinstatement conditioned on proof of fitness—is functionally identical to the sanction imposed in New York. *See e.g., In re Angel,* 889 A.2d 993 (D.C.2005) (per curiam); *In re Brown,* 797 A.2d 1232 (D.C.2002) (per curiam).[1] No party has objected to the proposed sanction. Goldman has represented in an affidavit filed in these proceedings that "I do not believe that permanent disbarment is appropriate in my case" and he requests that "my period of suspension be coterminous with the seven-year period that I have to wait before I can apply for reinstatement in New York." Bar Counsel has advised the court that he takes no exception to the Board's recommendation. Where no party has objected to the discipline proposed by the Board, the court's ordinarily deferential standard is even more deferential. *In re Goldsborough,* 654 A.2d 1285, 1288 (D.C.1995). Accordingly, Steven F. Goldman is hereby suspended from practice in the District of Columbia for a period of five years, with reinstatement conditioned upon proof of fitness to practice.

*So ordered.*[2]

---

1. As the Board noted in its Report,
 [t]he reciprocal discipline in the District of Columbia identical to Respondent's resignation pending disciplinary proceedings in New York is a suspension, with his reinstatement conditioned upon a showing that he is fit to resume the practice of law in the District of Columbia. Although the length of Respondent's wait for readmission to the New York Bar is seven years, we regard a suspension for five years as the functionally identical discipline in this jurisdiction. The disciplinary rules in the District of Columbia do not provide for a suspension period as long as seven years, and the period a disbarred lawyer must wait to apply for readmission is five years. *See* D.C. Code Bar R. IX, §§ 3(a), 16. A five-year suspension in the District of Columbia thus performs much the same function as a seven-year waiting period in New York. In both cases, the disciplined lawyer must wait for the same period a disbarred lawyer would have to wait to apply for readmission to the bar.

2. We direct Goldman's attention to the requirements of D.C. Bar R. XI, § 14(g), and to the effect of these requirements on his eligibility for reinstatement. For purposes of reinstatement, Goldman's suspension shall begin upon the filing of a satisfactory affidavit pursuant to § 14(g).