In re Martin S. TANNER, Respondent.

A Member of the Bar of the District of
Columbia Court of Appeals (Bar
Registration No. 418351).

No. 06–BG–278.

District of Columbia Court of Appeals.

Submitted Dec. 20, 2006.
Decided Dec. 28, 2006.

Before FISHER and BLACKBURNE–
RIGSBY, Associate Judges, and KERN,
Senior Judge.

PER CURIAM:

In this disciplinary proceeding against
respondent Martin S. Tanner,[1] a member
of the Bar of the District of Columbia
Court of Appeals, the Board on Profession-
al Responsibility ("Board") has recom-
mended to this court that reciprocal and
functionally identical discipline be imposed
in the form of a five-year suspension with
a requirement to prove fitness as a condi-
tion of reinstatement. No exceptions to
the Board's Report and Recommendation
have been filed.

1. Respondent has been administratively sus-
pended from the Bar of the District of Colum-
bia since September 30, 2002, for non-pay-
ment of Bar dues.

On November 1, 2002, the Utah Supreme Court granted its consent to respondent's petition to resign with discipline pending and permitting respondent to apply for readmission to the Utah State Bar after five years. That petition stated that respondent did not dispute the facts reported to the Utah Supreme Court by the Utah Office of Professional Conduct involving respondent's violations of the Utah Rules of Professional Conduct involving candor to the tribunal, fairness to opposing party and counsel, knowingly violating the Rules of Professional Conduct, committing a criminal act reflecting adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer, and engaging in conduct prejudicial to the administration of justice.[2] *Tanner,* Utah Sup.Ct. No. 20020803 (October 15, 2002). On March 23, 2006, Bar Counsel filed a certified copy of the order from the Utah Supreme Court. On April 4, 2006, this court issued an order temporarily suspending respondent and directing: 1) Bar Counsel to inform the Board of his position regarding reciprocal discipline within thirty days; 2) respondent to show cause why identical, greater, or lesser discipline should not be imposed; and 3) the Board either to recommend reciprocal discipline or proceed de novo. Thereafter, Bar Counsel filed a statement recommending reciprocal discipline of a five year suspension with a requirement to prove fitness as a condition of reinstatement. Respondent has not filed an objection opposing the imposition of reciprocal discipline.

 In its report and recommendation, the Board determined that respondent's misconduct also violated District of Columbia Rules of Professional Conduct,[3] and stated that a reciprocal and functionally identical discipline of a five-year suspension with a requirement to prove fitness as a condition of reinstatement is warranted. *See, e.g., In re Angel,* 889 A.2d 993 (D.C. 2005). In cases like this, where neither Bar Counsel nor the respondent opposes identical discipline, " 'the most the Board should consider itself obliged to do ... is to review the foreign proceeding sufficiently to satisfy itself that no obvious miscarriage of justice would result in the imposition of identical discipline—a situation that we anticipate would rarely, if ever, present itself.' " *In re Childress,* 811 A.2d 805, 807 (D.C.2002) (quoting *In re Spann,* 711 A.2d 1262, 1265 (D.C.1998)); *In re Reis,* 888 A.2d 1158 (D.C.2005). Here, the Board reports there was no miscarriage of justice in the Utah proceeding and respondent petitioned the court for resignation and did not dispute the factual findings reported to the Utah Supreme Court. A rebuttable presumption exists that "the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *In re Goldsborough,* 654 A.2d 1285, 1287 (D.C.1995) (citing *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992)). The Board found, and we agree, that there is no basis for any exception set forth in D.C. Bar R. XI, § 11(c) to apply here.

 Since no exception has been taken to the Board's report and recommendation, the court gives heightened deference to its recommendation. *See* D.C. Bar R. XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). As we find support in the record for the Board's findings, we

---

**2.** The Utah Rules of Professional Conduct, which respondent violated, are virtually identical to corresponding District of Columbia Rules of Professional Conduct.

**3.** Specifically, the Board noted that respondent's conduct in Utah violated District of Columbia Rules of Professional Conduct 3.3(a) (candor toward the tribunal), 3.4(b) (fairness to opposing party and counsel) and 8.4(a), (c), and (d) (misconduct).

accept them, and adopt the sanction the Board recommended. Accordingly, it is

ORDERED that Martin S. Tanner is hereby suspended from the practice of law in the District of Columbia for a period of five years. Reinstatement is conditioned on proof of fitness to practice law. We direct respondent's attention to the requirements of D.C. Bar R. XI, § 14(g), and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*