### In re Michelle Hamilton DAVY, Respondent.

### A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 454524).

### No. 10–BG–1162.

District of Columbia Court of Appeals.

Submitted March 30, 2011.
Decided July 21, 2011.

See also, *Attorney Grievance Com'n of Maryland v. Hamilton*, 377 Md. 54, 832 A.2d 170.

---

Wallace E. Shipp, Jr., Bar Counsel, and William R. Ross, Assistant Bar Counsel, were on the brief for the Office of Bar Counsel.

Michelle Hamilton Davy, Largo, MD, pro se.

Before BLACKBURNE–RIGSBY and OBERLY, Associate Judges, and STEADMAN, Senior Judge.

PER CURIAM:

This reciprocal disciplinary proceeding is predicated upon an order of the Court of Appeals of Maryland, dated September 8, 2003, accepting the Joint Petition for Indefinite Suspension of the Maryland Attorney Grievance Commission and the respondent, Michelle Hamilton Davy.[1] *See Attorney Grievance Comm'n of Md. v. Hamilton,* 377 Md. 54, 832 A.2d 170 (2003). Here, Bar Counsel seeks to impose "functionally-identical" reciprocal discipline pursuant to D.C. Bar R. XI, § 11(c), requesting that respondent be suspended from the practice of law in the District of Columbia for one year with her reinstatement conditioned upon a showing of fitness. Respondent opposes reciprocal discipline for the following reasons: (1) there is no legal basis to reciprocally suspend the respondent; (2) she is presently in good standing in every jurisdiction in which she is a member, and there is no precedent for reciprocally suspending a member of the District of Columbia Bar who is in good standing in every other jurisdiction; and (3) to impose such discipline would subject respondent to "a grave injustice." We disagree, and conclude that a one-year suspension with a fitness requirement, which is functionally equivalent to the original Maryland sanction, is the appropriate sanction in this case.

I.

Respondent is a member of the Bar of the District of Columbia Court of Appeals. She is also admitted to practice in Maryland, Pennsylvania, the United States District Court for the District of Maryland, and the United States Court of Appeals for

1. Respondent was suspended in Maryland under her maiden name, Michelle Joy Hamilton.

the District of Columbia Circuit ("D.C. Circuit"). From 2002 to 2003, ten clients filed complaints with the Attorney Grievance Commission of Maryland (the "Commission") against the respondent. Each of the complaints alleged that respondent "failed to act with diligence, failed to keep the clients informed as to the status of the representation, failed to communicate with the clients, failed to hold pre-paid fees in trust until earned and failed to promptly refund the portion of the fees which were not earned." The Commission alleged, and respondent conceded, that the behavior detailed in the complaints violated Maryland Rules of Professional Conduct 1.3, 1.4, 1.15, 1.16.[2] The Commission further contended that such conduct was "prejudicial to the administration of justice" and also violated Maryland Rule of Professional Conduct 8.4(d).[3]

On June 24, 2003, while the Maryland grievances were pending against her, respondent submitted a letter of resignation to the Bar of the District of Columbia. Although she did not disclose Maryland's pending investigation in her resignation letter, she was aware of its existence. On September 8, 2003, based upon a Joint Petition for Indefinite Suspension, the Maryland Court of Appeals indefinitely suspended respondent from the practice of law in the State of Maryland for a period of no less than one year. *Hamilton, supra,* 832 A.2d at 170. Her suspension went into effect on September 12, 2003. *Id.* Following her suspension from the Maryland Bar, respondent was reciprocally disciplined by the United States District Court for the District of Maryland and the D.C. Circuit on November 21, 2003, and February 3, 2004, respectively. On March 8, 2004, the Supreme Court of Pennsylvania reciprocally disciplined the respondent. All of the jurisdictions that ordered reciprocal discipline imposed identical, or functionally identical, discipline on respondent.

On December 7, 2004, upon respondent's application and showing of fitness, the Maryland Court of Appeals reinstated respondent to the Maryland Bar. Following her reinstatement to the Maryland Bar, respondent reapplied to the Bar of the District of Columbia and was readmitted on January 25, 2005.[4] In addition, respondent was granted reinstatement to the Pennsylvania Bar, the United States District Court for the District of Maryland, and the D.C. Circuit on January 21, 2005, November 9, 2005, and January 10, 2006, respectively.

## II.

We agree with Bar Counsel that reciprocal discipline is appropriate in this matter. Respondent's arguments to the contrary are not compelling. Section 11(c) of Bar Rule XI allows this court to impose reciprocal discipline "*whenever* an attorney *has been* disbarred, *suspended,* or placed on probation by another disciplining court." D.C. Bar R. XI, § 11(c) (emphasis added). Thus, as a result of respondent's Maryland suspension, this court has the authority to impose discipline identical to respondent's one-year suspension in Mary-

---

2. These specific rules govern "Diligence," "Communication," "Safekeeping Property," and "Declining or Terminating Representation." *See* MD. R. 16–812.

3. This rule governs "Misconduct." *See* MD. R. 16–812.

4. In her 2005 application to the District of Columbia Bar, respondent certified that she was not suspended, temporarily suspended, or disbarred by any disciplinary authority. At the time, respondent was still suspended from practice before the District of Maryland and the D.C. Circuit. Bar Counsel, however, does not seek discipline for dishonesty in respondent's application.

land. *See* D.C. Bar R. XI, § 11(e). Respondent's resignation from the Bar of the District of Columbia prior to the imposition of discipline in the original jurisdiction does not exempt her from reciprocal discipline here. *See In re Lebowitz*, 944 A.2d 444, 445 (D.C.2008) (imposing reciprocal discipline for misconduct that occurred prior to the attorney's bar admission in the District of Columbia).[5] The purpose of imposing discipline on members of our Bar is to deter other attorneys from engaging in similar misconduct, and to notify members of the public of—and protect them from—attorney misconduct. *See In re Uchendu*, 812 A.2d 933, 941 (D.C.2002) (citing *In re Reback*, 513 A.2d 226, 231 (D.C.1986) (en banc)). To implement reciprocal discipline in this case would allow those seeking representation in the District of Columbia to be aware of the respondent's prior negligence in client matters. In doing so, we protect the public and maintain the integrity of the District of Columbia Bar. *See Uchendu, supra*, 812 A.2d at 941 (citing *Reback, supra*, 513 A.2d at 231).

Respondent stresses that the seven-year delay from Maryland's original imposition of discipline to Bar Counsel's pursuit of reciprocal discipline in this case constitutes a "grave injustice" to respondent and is grounds for denying reciprocal discipline in this matter. However, it is largely due to respondent's own actions that there was such a delay in bringing this case before this court. Had respondent disclosed the pending grievances against her in her resignation letter to the District of Columbia Bar, she likely would have been reciprocally disciplined concurrently with the Maryland suspension. *See In re Ayres–Fountain*, 955 A.2d 157, 160–61 (D.C.2008) ("This court has established that in order for an attorney's suspension in this jurisdiction to run concurrently with any foreign discipline, the attorney must promptly notify Bar Counsel of the foreign discipline."). Respondent, however, hid the existence of the Maryland grievances from the Bar of the District of Columbia on two separate occasions: (1) when she failed to disclose Maryland's pending investigation in her resignation letter; and (2) when she certified that she was not suspended, or temporarily suspended, by a disciplining authority at the time of her re-application. Notwithstanding respondent's argument that Bar Counsel's request for reciprocal discipline is untimely and therefore should be denied, we have previously held that when the delay of judicial decision-making is largely a result of the respondent's own actions or inactions, such circumstances

5. In her Showing of Cause, respondent seeks to distinguish our holding in *Lebowitz* from the facts in the present case by citing to our recent decisions *In re Tanner*, 913 A.2d 1258 (D.C.2006), and *In re Angel*, 889 A.2d 993 (D.C.2005), where the respondents did not contest the reciprocal disciplinary action brought by Bar Counsel. However, those cases are inapposite because the fact that the respondents did not contest reciprocal discipline was not legally dispositive. *See Tanner, supra*, 913 A.2d at 1259–60; *Angel, supra*, 889 A.2d at 994–95. In those cases, we clearly stated the proposition that, in a reciprocal discipline case, there is a presumption that we will impose a sanction "identical to that imposed by the original disciplining court. This presumption is rebutted only if the respondent demonstrates ... by clear and convincing evidence the existence of one of the conditions enumerated in D.C. Bar R. XI, § 11(c)." *Angel, supra*, 889 A.2d at 994 (internal citation omitted); *see also Tanner, supra*, 913 A.2d at 1259 (finding "no basis for any exception set forth in D.C. Bar R. XI, § 11(c) to apply here"). Indeed, as we found in *Tanner* and *Angel*, we determine that respondent is deserving of functionally identical discipline as was issued in Maryland, as she has failed to rebut the presumption of identical discipline by a showing of clear and convincing evidence that any of the § 11(c) mitigating factors apply here. See *infra* page 74.

are not sufficiently unique or compelling to mitigate discipline. *See In re Fowler*, 642 A.2d 1327, 1331 (D.C.1994).

D.C. Bar R. XI, § 11 provides that we shall impose identical reciprocal discipline unless respondent has demonstrated, by clear and convincing evidence, that:

> (1) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or (2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistently with its duty, accept as final the conclusion on that subject; or (3) The imposition of the same discipline by the Court would result in grave injustice; or (4) The misconduct established warrants substantially different discipline in the District of Columbia; or (5) The misconduct elsewhere does not constitute misconduct in the District of Columbia.

D.C. Bar R. XI, § 11(c). The only § 11(c) ground raised by respondent as a basis for mitigation here is "grave injustice" due to the delay in time from the original discipline in Maryland to the current action. Because that delay was "almost entirely resultant from the actions and/or inactions of" respondent, it does not rise to the level of "sufficiently unique and compelling to justify lessening what would otherwise be the sanction necessary to protect the public interest." *Fowler, supra*, 642 A.2d at 1331. Accordingly, it is

**ORDERED** that Michelle Hamilton Davy is hereby suspended from the practice of law in the District of Columbia for the period of one year, beginning from the future date on which she files an affidavit compliant with D.C. Bar R. XI, § 14(g). Reinstatement in the District of Columbia is conditioned upon demonstration of fitness to practice law in accordance with D.C. Bar R. XI, § 3(a)(2).

*So ordered.*