*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 13-BG-52

IN RE SANDY CHANG, RESPONDENT.

A Suspended Member of the Bar
Of the District of Columbia Court of Appeals
(Bar Registration No. 989203)

On Report and Recommendation
of the Board on Professional Responsibility
(BDN-052-12 & 156-12)

(Submitted November 26, 2013                    Decided January 23, 2014)

*Bernard J. DiMuro*, for respondent.

*Wallace E. Shipp*, *Jr.*, Bar Counsel, and *Jennifer P. Lyman*, Senior Assistant Bar Counsel, and *Joseph C. Perry*, Senior Staff Attorney, filed a statement regarding reciprocal discipline for the Office of Bar Counsel.

Before EASTERLY, *Associate Judge*, and PRYOR and BELSON, *Senior Judges*.

PER CURIAM: Respondent, Sandy Chang, is a member of the Bar of the District of Columbia, having been admitted by motion on August 10, 2009. On January 23, 2013, the District of Columbia Office of Bar Counsel notified this court that respondent had been disciplined in multiple jurisdictions as a result of misconduct in over twenty-one bankruptcy cases where she appeared as the attorney of record. Respondent was suspended from practicing law for a period of

one year before, respectively, the United States Bankruptcy Court for the Eastern District of Virginia on November 16, 2011, and the United States District Court for the District of Maryland on November 26, 2012. In addition, the United States District Court for the District of Columbia imposed a one-year reciprocal suspension in August, 2012.

Bar Counsel now recommends that this court impose reciprocal suspension for two years with reinstatement conditioned upon a showing of fitness. This court temporarily suspended respondent from the practice of law in the District of Columbia at the outset of these proceedings, beginning March 27, 2013, pending final disposition of this proceeding. We now impose reciprocal discipline of two years suspension from practice, with reinstatement conditioned upon a showing of fitness.

**I.**

On May 6, 2011, a bankruptcy judge in the United States District Court for the District of Maryland requested that an inquiry be conducted regarding respondent's representation of clients. Other concerns arose and disciplinary proceedings were commenced. The Disciplinary Panel found numerous irregularities and reported:

> All of the Certificates of Credit Counseling filed by Ms. Chang were filed electronically using her login and password. Apparently, she provided that login and password to the former car salesman who made the alterations and entered the documents on her behalf. This is, however, a distinction without a difference and only goes to the question of mitigation of sanction. By authorizing an employee to utilize her login and password, she became personally responsible for whatever was filed.

The Panel also found that "as a result of [respondent's] mismanagement of her office and failure to supervise an employee [who] filed numerous altered documents on her behalf, she failed both directly and indirectly in her obligations to her clients and to the courts in which these cases were filed." On November 26, 2012, the United States District Court for the District of Maryland suspended respondent from practice for one year, and required respondent to file monthly status reports of her activities, and engage the services of a mentor to supervise her practice.

In 2011, the Office of the United States Trustee initiated an investigation in involving respondent's handling of cases in the United States Bankruptcy Court for the Eastern District of Virginia. In eight separate cases where respondent was attorney of record, it appeared that the dates of credit counseling certificates had

been altered, and, in a different case, a client's signature on a petition for relief had been forged. On November 16, 2011, pursuant to stipulation, respondent was suspended from practice before the United States Bankruptcy Court for the Eastern District of Virginia for one year (with other financial conditions).

The investigation in Virginia led to the discovery of an altered credit counseling certificate in one of respondent's cases in the United States Bankruptcy Court for the District of Columbia. On January 13, 2012, respondent stipulated to misconduct in the District of Columbia and agreed to the entry of an order pursuant to which she would relinquish her admission before the United States Bankruptcy Court for the District of Columbia for one year. The Bankruptcy Court did not sign the order but instead referred the matter to the Committee on Grievances of the United States District Court for the District of Columbia, which directed respondent to submit a formal answer. On August 9, 2012, the United States District Court for the District of Columbia imposed a one-year reciprocal suspension based upon respondent's suspension in the Bankruptcy Court for the Eastern District of Virginia, *nunc pro tunc* to December 17, 2011. Respondent has failed to respond to the request of the Committee on Grievance of the United States District Court for the District of Columbia for a formal answer and also failed to respond to a Show Cause Order.

On January 23, 2013, D.C. Bar Counsel filed the suspension orders from the above-mentioned jurisdictions in this court. On March 27, 2013, this court imposed temporary reciprocal discipline. We suspended respondent pending the final disposition of this proceeding, ordered respondent to show cause why reciprocal discipline should not be imposed, and notified respondent of the requirements of D.C. Bar R. XI, § 14. Although respondent has submitted a response to the Show Cause Order, she has still not filed a D.C. Bar R. XI, § 14 affidavit attesting that she has notified her clients of her suspension in the District of Columbia. At the time these respective disciplines were imposed, respondent failed to advise other jurisdictions of these reciprocal matters. Bar Counsel now recommends a two year suspension from practice with reinstatement conditioned on a showing of fitness, based upon the one year suspension from practice before the U.S. Bankruptcy Court in Virginia to which she stipulated, and the one year suspension by the U.S. District Court for Maryland.

**II.**

This court in In re Sibley, explained the principles governing our review of reciprocal discipline matters:

With regard to attorney-discipline cases that come to us as reciprocal matters, D.C. Bar R. XI, § 11 (c) establishes a rebuttable presumption in favor of this court's imposition of discipline identical to that imposed by the original disciplining jurisdiction . . . . The presumption applies unless the party opposing discipline (or urging non-identical discipline) shows, by clear and convincing evidence, that an exception should be made on the basis of one or more of the grounds set out in Rule XI, § 11 (c) (1)-(5) . . . . Rule XI, § 11 (c) imposes a "rigid standard," as to which exceptions "should be rare" . . . . "[R]eciprocal discipline proceedings are not a forum to reargue the foreign discipline."

*In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010).

D.C. Bar R. XI, § 11 (c) provides in pertinent part:

Reciprocal discipline shall be imposed unless the attorney demonstrates to the Court, by clear and convincing evidence, that:
(1) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistently with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the Court would result in grave injustice; or
(4) The misconduct established warrants substantially different discipline in the District of Columbia; or
(5) The misconduct elsewhere does not constitute misconduct in the District of Columbia.

D.C. Bar R. XI, § 11 (c) (1)-(5).

Respondent opposes reciprocal discipline. She contends that the additional discipline by this court would result in a grave injustice and that in the present circumstances she should receive substantially less discipline than already rendered.

### A. Imposing a Prospective, Two Year Suspension With a Fitness Requirement Would Not Constitute a Grave Injustice.

This court applies prospective reciprocal discipline in cases where the attorney has failed to comply with the notice and affidavit requirements of D.C. Bar R. XI, § 14 (g). *See* D.C. Bar R. XI, § 16 (c); *see, e.g.*, *In re Coates*, 855 A.2d 1116, 1117 (D.C. 2004). However, there is an exception to the presumption of reciprocal discipline if the party opposing discipline or urging non-identical discipline shows by clear and convincing evidence that "[t]he imposition of the same discipline by the Court would result in grave injustice." D.C. Bar R. XI, § 11 (c) (3). Respondent essentially argues that she has already paid the price for her prior acts of misconduct, and that the imposition of reciprocal discipline would result in a grave injustice because she has sustained substantial professional and financial losses as a result of the existing suspensions. Under the circumstances, the purpose of the reciprocal discipline rule is served by the imposition of a two year prospective suspension.

The United States Bankruptcy Court for the Eastern District of Virginia and the United States District Court for the District of Maryland imposed stern remedial and restitution requirements that must be met before respondent can be readmitted to practice before those courts.[1] Respondent claims that these measures ensure that there will not be a recurrence of the issues that arose in this case. In support of her contention respondent provided a letter written by the court-appointed mentor supervising her practice, who noted that based on new management practices and procedures, the firm seemed "to be well run and well managed."[2] Respondent also argues that any discipline imposed in the District would be unjust because of the time-lapse between disciplinary proceedings and delays in adjudicating her readmission motion before the United States Bankruptcy Court for the Eastern District of Virginia.

---

[1] In addition to paying sanctions and restitution costs, totaling over $34,000, respondent must take ethics and professionalism courses, file monthly reports of her activities with the courts, engage the services of a mentor to supervise her practice, and apply for readmission to practice law before the United States District Court for the District of Maryland, and the United States District Court for the District of Columbia.

[2] The letter that respondent provides from her supervising mentor appears to be based solely on information provided by respondent, rather than based on independent investigation of the underlying misconduct. Importantly, the letter is only a preliminary assessment of respondent's practice, as the letter closes by stating, "I think it would be a good idea for us to confer quarterly and meet in your office at least annually until we are each comfortable with terminating my involvement."

Respondent's arguments are insufficient to establish that the imposition of reciprocal discipline would constitute a "grave injustice." First, respondent's foreign discipline does not satisfy the purpose of reciprocal discipline. The rationale behind reciprocal discipline is "to deter other attorneys from engaging in similar misconduct, and to notify members of the public of — and protect them from — attorney misconduct." *In re Davy*, 25 A.3d 70, 73 (D.C. 2011) (citing *In re Uchendu,* 812 A.2d 933, 941 (D.C. 2002)) (imposing reciprocal discipline seven years after the original jurisdiction imposed discipline to "allow those seeking representation in the District of Columbia to be aware of the respondent's prior negligence . . . . [and to] maintain the integrity of the District of Columbia Bar").

Most importantly, respondent's failure to self-disclose and cooperate with disciplinary authorities is the primary cause of what respondent characterizes as a grave injustice. We have held that "when the delay of judicial decision-making is largely a result of the respondent's own actions or inactions, such circumstances are not sufficiently unique or compelling to mitigate discipline." *In re Davy*, 25 A.3d at 73-74 (citing *In re Fowler,* 642 A.2d 1327, 1331 (D.C. 1994)). Just as in *In re Davy*, 25 A.3d at 73, where the court found that there was no grave injustice in imposing reciprocal discipline because the delay between disciplinary

proceedings was respondent's own doing, here the delay was largely caused by respondent's own actions or inaction. Respondent failed to notify D.C. Bar Counsel of her prior reprimands in 2010 and of her suspensions in 2011 and the 2012, as was her obligation under D.C. Bar R. XI, § 11 (b). Respondent has also failed to comply with the D.C. Bar R. XI, § 14 affidavit requirement, despite various reminders to do so by this court and Bar Counsel. Respondent's conduct demonstrates a consistent pattern of non-disclosure, and her failure to assist disciplinary authorities in investigating her conduct has caused delays to herself and her clients. It is not a grave injustice, therefore, to apply prospective, reciprocal discipline.

**B.    Respondent's Conduct Does Not Warrant Substantially Different Discipline.**

There is a rebuttable presumption favoring identical reciprocal discipline. *See* D.C. Bar R. XI, § 11 (f); *In re Coates*, 855 A.2d at 1117; *In re Goldsborough*, 654 A.2d 1285, 1287 (D.C. 1995). Respondent invokes an exception to the presumption, asserting that her misconduct warrants substantially different discipline in the District of Columbia from the discipline imposed in Maryland and Virginia. This court, in *In re Salo*, recently summarized the two-step inquiry to assess the substantially different discipline exception:

> First, we determine whether the conduct in question would not have resulted in the same punishment in the District of Columbia as it did in the disciplining jurisdiction. Second, if the discipline imposed here would be different from that of the disciplining court, we must decide whether the difference between the two is substantial.

*In re Salo*, 48 A.3d 174, 178 (D.C. 2012).

Here, respondent fails to meet the first part of the inquiry, as she does not demonstrate that her misconduct would result in a different sanction in this jurisdiction. Respondent attempts to analogize her case to *In re Cohen*, 847 A.2d 1162 (D.C. 2004), and *In re Carter*, 887 A.2d 1 (D.C. 2005), where attorneys were suspended no more than 180 days as a result of their failure to supervise employees, which resulted in various types of misconduct, including embezzlement of client funds. Respondent's conduct, however, is not analogous to the two cases respondent presents.

In both cases, the court attributed the misconduct to a simple failure to supervise, whereas here, the misconduct cannot credibly be attributed to a single rogue employee and passive failure to supervise. *See In re Cohen*, 847 A.2d at 1167; *In re Carter*, 887 A.2d at 16, 17. In two matters where respondent was the

attorney of record, she filed bankruptcy petitions without client consent, and in other cases false credit counseling certificates were filed without verifying whether the client had actually received the required counseling. Additionally, respondent did not delegate her authority to a single employee, but rather exposed all her clients to risk by giving her login and password information to her entire staff, without any monitoring system in place. Finally, respondent did not heed warnings of problems in her firm's practice. Despite prior discipline for identical conduct, respondent did not conduct any internal investigation or take any corrective action.

Respondent, therefore, has failed to show her misconduct would not have resulted in this same sanction in this jurisdiction. Additionally, a fitness requirement is particularly important in this matter because all three courts that disciplined respondent were concerned about her ability to practice law and respondent has not yet filed a formal answer with the Committee on Grievances of the United States District Court for the District of Columbia. Given respondent's grave misconduct, her two one-year suspensions in the United States Bankruptcy Court for the Eastern District of Virginia and the United States District Court for the District of Maryland, and noting also the reciprocal discipline imposed by the

United States District Court for the District of Columbia, we now impose a suspension of two years.

Accordingly, it is ORDERED that respondent shall be, and hereby is, suspended from the practice of law in the District of Columbia for two years, with reinstatement conditioned upon a showing of fitness. This suspension will be effective as of the date respondent files an affidavit in compliance with D.C. Bar R. XI, § 14 (g).

*So ordered.*