**In re Durward TAYLOR, Respondent.**

**No. 86-274.**

District of Columbia Court of Appeals.
Submitted May 14, 1986.
Decided May 20, 1986.*

Before FERREN, TERRY, and STEADMAN, Associate Judges.

PER CURIAM:

The Board on Professional Responsibility found that respondent had neglected a legal matter entrusted to him, in violation of Disciplinary Rule 6–101(A)(3), and reprimanded him. The reprimand is final under D.C.Bar R. XI, § 3(5), and is not before this court for review.

What is before the court is the Board's recommendation that, in addition to the reprimand, respondent be ordered to make restitution to his former client in the amount of $250.00.[1] Under Rule XI, § 3, restitution can be ordered only by the court, not by the Board.

Rule XI, § 7(3) requires us to accept the factual findings of the Board, which are

essentially uncontested, and to "adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or otherwise would be unwarranted." Respondent offers no persuasive reason why he should not be required to make full restitution of the fee his client paid him, and we can discern none on this record. On the contrary, in a case involving similar facts, we have required an attorney to return the full amount of a fee to a client when the attorney's neglect caused the client's case to. be dismissed. *In re Roundtree*, 467 A.2d 143, 148 (D.C.1983). In this case, as in *Roundtree*, we believe it is "equitable for [respondent] to make restitution, and not to require [the client] to bear any part of the loss." *Id.* (citations omitted).

It is therefore ORDERED that respondent, Durward Taylor, within fourteen days from the date of this order, shall pay to Frances H. Thomas, his former client, the sum of $250.00.

---

* This case was originally decided by an unpublished memorandum opinion and order. The motion of the Board on Professional Responsibility for publication has been granted by the court.

1. There was some dispute as to the amount of the fee paid by the client, but the hearing committee found that the amount was $250.00. The Board adopted that finding, and respondent has not challenged it before this court. He argues only that because he expended some effort on behalf of his client, he should not be required to refund the full amount.