In re William BINGHAM, Respondent.

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 228064).**

No. 04–BG–920.

District of Columbia Court of Appeals.

Argued June 14, 2005.

Decided Aug. 25, 2005.

---

620

Elizabeth A. Herman, Senior Assistant Bar Counsel, with whom Joyce E. Peters, Bar Counsel at the time the brief was filed, was on the brief for the Office of Bar Counsel.

Before WASHINGTON, Chief Judge,* RUIZ, Associate Judge, and KING, Senior Judge.

PER CURIAM:

The Board on Professional Responsibility ("Board") has recommended that William Bingham be informally admonished for violating several Rules of Professional

---

* Judge Washington was an Associate Judge at the time this case was argued. His status changed to Chief Judge on August 6, 2005.

1. Neither Bingham nor the Board filed briefs with this court or otherwise participated in this appeal.

Conduct in connection with his representation of an estate. Bar Counsel noted an exception to the Board's recommendation, arguing that Bingham should be publicly censured and ordered to pay full restitution to his clients in the amount of $250.00 plus interest.[1] We do not adopt the Board's recommendation, and agree with Bar Counsel that Bingham should be required to make full restitution. Therefore, we conclude that Bingham, shall be publicly censured and placed on probation for three years with the condition that he pay full restitution to his clients plus interest.

## I.

The facts concerning Bingham's misconduct were essentially undisputed. In June 1996, Shirley Langley died. Prior to her death, she had executed a will which had been prepared by William Bingham. Her assets included a house, a vehicle, and funds in a bank account. Langley had four children—Milford Williams, Marcus Williams, Crystal Williams, and Millicent Fox.[2] In the will, Milford Williams was appointed personal representative of the estate and he retained Bingham to provide legal assistance in probating the estate. A retainer agreement was executed which provided for an attorney's fee of $250.00.

In November 1996, Bingham filed with the probate court a copy of the will and a petition for probate because Langley's original will could not be located. A deputy clerk, however, informed Bingham that he would have to file a complaint and a new petition in order to proceed to pro-

---

2. There was no dispute amongst the siblings regarding the assets of Langley's estate and how they were to be distributed.

bate.[3]

In August and September 1997, Bingham had three of the siblings—Marcus, Crystal, and Millicent—sign affidavits consenting to the probate of a lost will. He also had the two attesting witnesses sign affidavits of due execution to authenticate the copy of the will. In December 1997, Bingham wrote to the company holding the mortgage on the decedent's home and prevented foreclosure. The hearing committee, and the Board, found that Bingham took no further action to complete the probate of the estate after 1998.

Prior to his being retained by Milford Williams, Bingham was diagnosed with a benign, but inoperable brain tumor. In April 1998, during the period of his representation of the estate, Bingham was involved in an automobile accident which caused him to injure his neck and back. As a result of this accident and his other health problems, Bingham temporarily suspended his practice of law. Some time in 1999, he resumed the practice of law on a limited basis, but was still affected by continuing health problems. Some time thereafter, Bingham stopped practicing law because of his maladies, but continued his representation of the estate.[4]

In December 1998, Crystal Williams sent a certified letter to Bingham inquiring into the status of the probate matter and requesting an appointment to meet with him. Bingham met with Crystal Williams some time in January 1999, and requested additional time to complete the matter. In April 2000, Crystal Williams, on behalf of herself and her siblings, filed a complaint with Bar Counsel.

The hearing committee found that Bingham (1) did not provide competent representation when he failed to give continuing attention to the needs of the estate, in violation of Rule 1.1(a); (2) failed to serve the estate with skill and care when he failed to properly complete the petition for probate, in violation of Rule 1.1(b); (3) failed to represent the estate zealously and diligently when he did not file certain documents to complete the probate of the estate, did not return to court after filing a defective petition for probate, and did not complete probate after four years of undertaking that task, in violation of Rule 1.3(a); (4) failed to act with reasonable promptness when he did not complete the probate of the estate within a four-year period, in violation of Rule 1.3(c); failed to withdraw his representation of the estate after acknowledging his incapacity and admitting that his impairment was "severe, continuous, and debilitating," in violation of Rule 1.16(a)(2).[5] The hearing committee recommended that respondent be informally admonished and that this court

---

3. At Bingham's disciplinary hearing before the hearing committee, Paul Toulouse, a member of the District of Columbia bar, was accepted as an expert in the practice of probate law. He testified that in cases where the original will cannot be located, a copy of the will must be filed with the court together with a complaint—naming the personal representative as plaintiff and the heirs and beneficiaries as defendants—requesting that the copy of the will be accepted for probate.

4. At his disciplinary hearing, Bingham testified that Crystal Williams knew of his health problems, but insisted that he continue working on the case. Bingham further testified

that he would have withdrawn from representing the estate had Crystal Williams not agreed that he continue working on the matter. The hearing committee credited Bingham's testimony.

5. Although Bar Counsel charged Bingham with failing to keep his clients reasonably informed, in violation of Rule 1.4(a) and (b), the hearing committee found Bingham not to be in violation of that Rule on the ground that Bar Counsel presented inadequate proof that Bingham did not communicate with Crystal Williams and keep her reasonably informed.

order partial restitution in the amount of $175.00 plus interest.[6]

The Board concurred with the hearing committee's recommended sanction of an informal admonition, but disagreed with its restitution recommendation on the ground that D.C. Bar R. XI, § 3(b) permits the Board to order restitution only as a condition of probation or reinstatement. In footnote 6 of its report and recommendation, the Board noted that it would recommend restitution of the entire $250.00 plus interest if restitution could be imposed as part of the sanction of informal admonition. The Board also noted that since Bingham's maladies adversely impacted his ability to represent the Williams siblings, and since "there [was] no evidence of prior discipline, prejudice to the client (other than unnecessary delay in completion of the ... estate), dishonest conduct, or violation of other disciplinary rules beyond the cluster of neglect violation arising out of the failure to properly probate the ... estate[,]" Bingham should be informally admonished.

## II.

■ The Board did not make a restitution recommendation in this case because it believed that D.C. Bar R. XI, § 3(b) does not provide authority to order restitution when the sanction does not involve probation. Bar Counsel contends that restitution could have been ordered as part of Bingham's sanction because in *In re (Durward) Taylor*, 511 A.2d 386 (D.C.1986), this court ordered restitution in conjunction with a Board reprimand and not as a condition of probation. Bar Counsel's reliance on *Taylor*, however, is misplaced. When we decided *Taylor*, Rule XI, § 3 read in pertinent part: "The Court may

also require an attorney ... to make restitution either to persons financially injured by the lawyer's conduct or to the Clients' Security Trust Fund." D.C. Bar R. XI, § 3 (1986). In 1989, however, Rule XI, § 3 was amended to provide that "the Court or the Board may require an attorney to make restitution either to persons financially injured by the attorney's conduct or to the Client's Security Trust Fund ..., or both, *as a condition of probation or of reinstatement* ...." (Emphasis added.) D.C. Bar R. XI, § 3(b) (1989). Because current Rule XI, § 3(b) contains such conditional language, the Board was correct in concluding that it could not order Bingham to pay restitution in conjunction with discipline that consisted only of an informal admonition. For the reasons set forth below, however, we conclude that a period of probation would be appropriate in this case.

## III.

■ Bar Counsel contends that if we determine that restitution may be ordered only as a condition of probation, Bingham should not financially benefit from his misconduct merely because he has received a non-suspensory sanction. Bar Counsel, therefore, requests that we publicly censure Bingham and place him on probation with the condition that he pay full restitution to his clients plus interest. Bar Counsel further argues that the Board's recommendation that Bingham receive an informal admonition would foster a tendency towards inconsistent dispositions because a public censure would be more consistent with the sanction ordered in *In re Dory*, 552 A.2d 518 (D.C.1989) (*Dory II*)— the case that is the most factually like this case. We agree.

---

6. The hearing committee recommended that this court order Bingham to pay partial restitution in the amount of $175.00 plus interest

to reflect the one half-hour of legal work he performed in preventing foreclosure of the decedent's home.

Dory was retained by his client to probate an estate. *Id.* at 519. The client advanced Dory approximately $420.00 towards his legal fees and costs. After filing a petition for probate and other related pleadings and causing notice of the petition to be published, Dory did virtually nothing on the matter for three years. *Id.* The client made several telephone calls to Dory, but he did not return them. Some time thereafter, the client filed a complaint with Bar Counsel. *Id.* In noting that Dory neglected his client's matter for an extended period of time and had a prior disciplinary record, we adopted the Board's recommendation that he be suspended from the practice of law for thirty days.

In this case, Bar Counsel points out that although Bingham has no prior disciplinary history, the duration of his neglect in probating the estate warrants a public censure and would, on balance, be consistent with the sanction imposed in *Dory.* We agree, and note that the only fact distinguishing the instant case from *Dory* is that Bingham, unlike Dory, has no prior disciplinary history. We also note that while Bingham was undergoing health problems during the applicable time period, Dory too was under considerable stress during the period when the misconduct in that case occurred. *See Dory II, supra,* 552 A.2d at 521.

 So long as the Board's sanction recommendation falls within the wide range of acceptable outcomes, it comes to us with a strong presumption in favor of its imposition, unless to do so would foster a tendency towards inconsistent dispositions. *See In re Austin,* 858 A.2d 969, 975 (D.C.2004); D.C. Bar R. XI, § 9(g)(1). Thus, "when the court disagrees with the Board as to the seriousness of the offense . . . the Board's recommendations are accordingly granted less weight." *In re Bettis,* 855 A.2d 282, 287 (D.C.2004) (internal

citations omitted). In deciding whether to adopt the Board's recommendation, we must examine the "nature of the violation, aggravating and mitigating circumstances, the absence or presence of prior disciplinary sanctions, the moral fitness of the attorney, and the need to protect the legal profession, the courts, and the public." *In re McLain,* 671 A.2d 951, 954 (D.C.1996) (citation omitted). In the final analysis, "[t]he system of attorney discipline, including the imposition of sanctions, is the responsibility and duty of this court." *In re Steele,* 868 A.2d 146, 153 (D.C.2005) (internal citations omitted).

Although Bar Counsel cited *Dory II* in its brief to the Board, the Board never discussed that case in its report and recommendation to this court. Because the Board did not consider *Dory II,* and because the cases relied upon by the Board—*In re Taylor,* Bar Docket No. 247–01 and *In re Binaisa* Bar Docket No. 257–00—are inapposite on the issue of the appropriateness of a lawyer's sanction when he neglects a matter for an extended period of time (as was the case in *Dory II* and in the instant matter), we will not adopt the Board's sanction recommendation. The Board concluded "there [was] no evidence of . . . prejudice to the client (other than unnecessary delay in completion of the . . . estate), dishonest conduct, or violation of other disciplinary rules beyond the cluster of neglect violations arising out of the failure to properly probate the . . . estate." The same, however, was true in *Dory II* where the client was prejudiced by the lawyer's delay in probating the estate. Thus, in recommending that Bingham be informally admonished, the Board properly considered those factors in mitigation, but failed to consider, in light of *Dory II,* whether its recommended sanction would foster a tendency towards in-

consistent dispositions for comparable conduct. *See* D.C. Bar R. XI, § 9(g)(1).

In sum, we conclude that Bingham should not reap the financial benefits of his misconduct and that, on balance, this case is sufficiently analogous to *Dory II* that a sanction greater than an informal admonition is appropriate. Therefore, we think that a public censure together with a period of probation is warranted.[7] Accordingly, Bingham shall be publicly censured and placed on probation for a period of three years [8] with the condition that he make full restitution to his clients in the amount of $250.00 plus interest.[9] *See In re Bettis, supra,* 855 A.2d at 283.

## IV.

Accordingly, it is

ORDERED that respondent, William Bingham, is publicly censured; and it is

FURTHER ORDERED that pursuant to D.C. Bar R. XI, § 3(a)(7), respondent, William Bingham, be placed on probation for three years or until such time as restitution has been paid in full; and it is

FURTHER ORDERED that as a condition of probation, respondent, William Bingham, pay restitution to his clients in the amount of $250.00 plus interest; and it is

FURTHER ORDERED that within thirty days from the date of this opinion, respondent, William Bingham, shall file with this court and the Board a statement agreeing to the conditions of probation set forth herein. If Bingham fails to file such a statement within thirty days from the date of this order or fails to pay restitution within the probationary period set forth above, he shall be subject to a thirty-day suspension with a fitness review.

*So ordered.*

---

7. "Probation may be imposed in lieu of or in addition to any other disciplinary sanction." D.C. Bar R. XI, § 3(a)(7).

8. At oral argument, this court learned that Bingham was incarcerated. Because this court has not been informed of the duration of Bingham's incarceration, a three year probationary term (as opposed to a shorter term) is being imposed to give Bingham sufficient time to make restitution payments. The probationary term shall terminate when Bingham makes full restitution to his clients.

9. Although the hearing committee recommended that this court order Bingham to pay

partial restitution in the amount of $175.00 plus interest to reflect the one half-hour of legal work he performed in preventing foreclosure of the decedent's home, we agree with Bar Counsel and the Board that full restitution is appropriate in this case because the one half-hour of work performed by Bingham might not have been necessary had he taken the requisite actions to timely probate the estate. *See In re (Edward) Wright,* 702 A.2d 1251, 1257–58 (D.C.1997) (when client receives no benefit from money paid to an attorney, full restitution is appropriate).