**In re Reginald J. ROGERS,**
**Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 440390).**

**No. 04–BG–1444.**

District of Columbia Court of Appeals.

Argued May 9, 2006.
Decided June 22, 2006.

J. Michael Hannon, Washington, DC, for respondent.

Traci M. Tait, Assistant Bar Counsel, with whom Wallace E. Shipp, Jr., Bar Counsel, was on the brief, for the Office of Bar Counsel.

Before GLICKMAN, KRAMER and FISHER, Associate Judges.

PER CURIAM:

The Board on Professional Responsibility has found that respondent Reginald J. Rogers intentionally, dishonestly and criminally misappropriated more than $260,000 from his client Hattie Mae Goode after her husband died. The Board's findings are supported by substantial evidence of record and are not contested; we accept them. Concluding, as do we, that respondent violated several Rules of Professional Conduct, including Rules 1.15(a) (misappropriation of entrusted funds and failure to keep complete records), 1.16(d) (failure on termination of representation to surrender property to which the client is entitled), 8.4(b) (criminal act of dishonesty) and 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation),[1] the

---

1. The other Rules that respondent violated were Rules 1.3(b)(2), 1.3(c), 1.4(a) and 1.5(b). Respondent also was charged with collecting an unreasonable fee in violation of Rule 1.5(f).

Board recommends that he be disbarred. Respondent has taken no exception to that recommendation, and we adopt it. *See In re Addams,* 579 A.2d 190, 191 (D.C.1990) (en banc) ("[I]n virtually all cases of misappropriation, disbarment will be the only appropriate action unless it appears that the misconduct resulted from nothing more than simple negligence.").

In addition to disbarment, the Board initially recommended that respondent's reinstatement be contingent on his making full restitution and promptly returning any property (including approximately $30,000 in savings bonds believed to be in respondent's custody) to which Ms. Goode is entitled. Neither respondent nor Bar Counsel took exception to that recommendation. Subsequently, however, in response to an inquiry from this court regarding the amount of restitution to be ordered as a condition of reinstatement, the Board and Bar Counsel modified their position. In the hope of providing Ms. Goode with a more immediate and meaningful remedy, they now urge us to order respondent to make restitution, and to return Ms. Goode's property, not as a condition of reinstatement, but unconditionally, within sixty days, on pain of being found in contempt if he fails to comply. Respondent opposes this modification of the recommended sanction.

We appreciate the motivation for the Board's and Bar Counsel's change of position. They fear that merely requiring respondent to pay restitution and return property as a condition of his reinstatement several years in the future would not alleviate the hardship that his defalcations have caused Ms. Goode, who is over ninety years old and in financial need *now.* (Indeed, realistically speaking, given the gravity of respondent's misconduct as found by the Board, he may never petition for reinstatement, and if he does petition for it, his burden of proof will be a heavy one. *See In re Dortch,* 860 A.2d 346, 357–58 (D.C.2004).) Nonetheless, as we explained in *In re Bingham,* 881 A.2d 619, 622 (D.C.2005), the District of Columbia Bar Rules do not authorize us to impose a sanction of unconditional restitution.[2]

The types of discipline that this court may impose are enumerated in Bar Rule XI, § 3. While that section formerly did allow this court to order restitution unconditionally, it was amended in 1989 to permit us to impose such a requirement only "as a condition of probation or of reinstatement." D.C. Bar R. XI, § 3(b).[3] We held

The Board recommends that we dismiss this latter charge as being either unproven or based on conduct that occurred before respondent joined the District of Columbia Bar. Bar Counsel disagrees but chooses not to press the issue, recognizing that the Rule 1.5(f) charge is immaterial in view of the Board's other findings and conclusions and its recommendation of disbarment. For the same reason, we dismiss the Rule 1.5(f) charge as moot without addressing it on its merits.

2. On the other hand, if respondent is still retaining property to which Ms. Goode is entitled (which his counsel suggested at oral argument is not the case), nothing in our Rules prevents us from ordering him to turn it over forthwith. Such retention would constitute a continuing violation of Rule 1.16(d). (We note that Bar Counsel apparently issued a subpoena for such property in the course of its investigation of respondent, to which respondent, invoking his Fifth Amendment privilege against self-incrimination, did not respond. Issuance of an order to produce the property now is functionally equivalent to an order to enforce the subpoena, which is authorized explicitly by D.C. Bar Rule XI, § 18(d). Respondent may, of course, assert his Fifth Amendment privilege in response to such an order, and if he does so, the validity of such an assertion may be determined judicially at that time.)

3. The 1989 amendment of Section 3 was one of a number of amendments of Rule XI previously proposed by the D.C. Bar Board of

in *Bingham* that this conditional language prevents us from ordering an attorney to pay restitution other than as a condition of probation or of reinstatement. 881 A.2d at 622.[4]

Despite the history and language of Rule XI, § 3, and our holding in *Bingham*, the Board and Bar Counsel argue that, in appropriate cases, this court retains "inherent power" to require restitution as a sanction "in a manner not contemplated by the rule." The Board views such residual inherent power as analogous to the inherent power of a federal district court to sanction a litigant for bad faith abuse of the judicial process in a manner not authorized by the Federal Rules of Civil Procedure (*e.g.*, Rule 11) or 28 U.S.C. § 1927. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).

Notwithstanding *Chambers*, we view with considerable skepticism the argument that we may rely upon our "inherent power" to impose unconditional restitution in this case, or in bar discipline cases generally. The Board and Bar Counsel are asking us not merely to impose a sanction "in a manner not contemplated by" Rule XI, § 3, but rather to impose a sanction

that was contemplated and, it appears, deliberately foreclosed by that Rule. However, we shall refrain from deciding either the scope of our inherent authority or—if such authority exists—the propriety, in the abstract, of ordering an attorney in a disciplinary proceeding to make restitution other than as a condition of probation or reinstatement. If we do have inherent power to deviate from the Rule, it is a power that we must exercise with caution, restraint and discretion. *See Chambers*, 501 U.S. at 43, 44, 111 S.Ct. 2123. Procedural fairness and clear necessity are two prerequisites that must be satisfied. In this case, neither is. Entry of an unconditional restitution order would not "comply with the mandates of due process," *id.* at 50, 111 S.Ct. 2123, if only because respondent was not put on notice when his case was before the Hearing Committee and the Board that he could receive such an apparently unauthorized sanction. Moreover, such an order is not clearly necessary, even though Ms. Goode cannot obtain full relief from the Clients' Security Trust Fund (see footnote 4, *supra*), because the question of restitution is being addressed directly and adequately in two other proceedings, each of which may be close to

---

Governors in 1985. In its supplemental report to us in this case, the Board notes that the legislative history of the amendment is not informative:

> The Bar's submission included no comment on this particular proposal, however, and when the Court published its proposed revisions to D.C. Bar R. XI for comment in December 1988, which included the above-quoted sentence, the joint comments submitted by the Board and the Bar Board of Governors made no comment on that sentence.

Arguments have been marshaled for and against ordering restitution unconditionally in bar discipline proceedings. *See* Charles W. Wolfram, MODERN LEGAL ETHICS § 3.5.6 (1986). It is unnecessary to examine the merits of those arguments in this case.

4. Although the Bar Rules do not envision unconditional restitution orders in disciplinary proceedings, they do provide an alternative method for obtaining equivalent relief. D.C. Bar Rule XII establishes the Clients' Security Trust Fund, to which clients like Ms. Goode may apply for reimbursement of "losses caused by dishonest conduct of members of the District of Columbia Bar, acting either as attorneys or as fiduciaries (except to the extent to which they are bonded)." D.C. Bar R. XII, § 3. (We note, however, that Rule I.G.6 of the Fund's Rules of Procedure states that the maximum amount that a claimant may recover from the Fund on account of an instance or course of dishonest conduct is $75,000, which would fall short of making Ms. Goode whole.)

being concluded. Specifically, in a civil suit that Ms. Goode filed against respondent, the United States District Court for the District of Maryland already has entered a judgment against him in the total amount of $774,908.86. (The award comprises $244,459.55 in compensatory damages, $30,449.31 in prejudgment interest, and $500,000 in punitive damages.) That judgment is currently on appeal to the Fourth Circuit; we are advised that briefing is complete or nearly so. In addition, in a criminal proceeding in the United States District Court for the District of Columbia, the government has charged respondent with defrauding Ms. Goode (along with other clients) and is seeking a forfeiture in the amount of $513,928. We are informed that respondent's trial is scheduled to start on July 6, 2006.

Given these facts, we can find it neither necessary nor appropriate to exceed the limitations of Rule XI, § 3, by ordering unconditional restitution. On that score, we opt to follow the Board's original recommendation. Accordingly, we hereby ORDER

(1) that respondent Reginald J. Rogers is disbarred from the practice of law in the District of Columbia; [5]

(2) that respondent shall surrender any papers and property in his possession, custody or control, to which Hattie Mae Goode is entitled, within thirty days of the date of this order;

(3) that respondent's reinstatement to the Bar of this Court and the practice of law in the District of Columbia shall be contingent on his having made full restitution to Hattie Mae Goode for all moneys

---

5. For the purpose of any reinstatement petition that he may file, respondent's disbarment shall run from the date on which he has filed an affidavit that is compliant with D.C. Bar Rule XI, § 14(g).

and assets that he misappropriated from her, with interest at the rate of six percent per annum on each diversion to his own use of such moneys and assets, such interest accruing from the date of each diversion to the date of each corresponding repayment or return.