STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR,
V. REGINALD J. ROGERS, RESPONDENT.

722 N.W.2d 505

Filed October 20, 2006.    No. S-06-820.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

This is an attorney reciprocal discipline case in which the office of the Counsel for Discipline of the Nebraska Supreme Court, relator, filed a motion for reciprocal discipline against respondent, Reginald J. Rogers.

## FACTS

Respondent was admitted to the practice of law in the State of Nebraska on August 8, 1984. On June 22, 2006, the District of Columbia Court of Appeals disbarred respondent from the practice of law in the District of Columbia. See *In re Rogers*, 902 A.2d 103 (D.C. 2006). The District of Columbia Court of Appeals' opinion reflects that respondent "intentionally, dishonestly and criminally misappropriated more than $260,000 from his client . . . after her husband died." *Id.* at 103. The District of Columbia Court of Appeals disbarred respondent as a result of his misappropriation of his client's funds. *Id.* On July 27, 2006, relator filed a motion for reciprocal discipline, based upon the District of Columbia Court of Appeals' disbarment of respondent. On August 30, this court entered a show cause order directing the parties to show cause why this court should or should not enter an order imposing the identical discipline, or greater or lesser discipline, as the court deemed appropriate, pursuant to Neb. Ct. R. of Discipline 21 (rev. 2001). Respondent did not file a response to our show cause order.

## ANALYSIS

We have stated that the basic issues in a disciplinary proceeding against a lawyer are whether discipline should be imposed

and, if so, the type of discipline appropriate under the circumstances. See *State ex rel. Counsel for Dis. v. Hogan, ante* p. 19, 717 N.W.2d 470 (2006). In a reciprocal discipline proceeding, "a judicial determination of attorney misconduct in one jurisdiction is generally conclusive proof of guilt and is not subject to relitigation in the second jurisdiction." *State ex rel. Counsel for Dis. v. Petersen,* 267 Neb. 176, 177, 672 N.W.2d 637, 638 (2004). We therefore determine that misconduct has occurred and that the imposition of discipline is appropriate in this case. With respect to the type of discipline appropriate in an individual case, we have stated that each case justifying discipline of an attorney must be evaluated individually in light of the particular facts and circumstances of that case. See *State ex rel. Counsel for Dis. v. Hogan, supra.* Neb. Ct. R. of Discipline 4 (rev. 2004) provides that the following may be considered by the court as sanctions for attorney misconduct: (1) disbarment; (2) suspension for a fixed period of time; (3) probation in lieu of suspension, on such terms as the court may designate; (4) censure and reprimand; or (5) temporary suspension. For purposes of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding. *State ex rel. Counsel for Dis. v. Horneber,* 270 Neb. 951, 708 N.W.2d 620 (2006). We apply these factors to the instant reciprocal discipline case. We have considered the case file and the applicable law. Upon due consideration, the court finds that respondent should be disbarred from the practice of law in the State of Nebraska, effective immediately.

## CONCLUSION

The motion for reciprocal discipline is granted. It is the judgment of this court that respondent should be and is hereby disbarred from the practice of law in the State of Nebraska, and we therefore order him disbarred from the practice of law, effective immediately. Respondent shall forthwith comply with Neb. Ct. R. of Discipline 16 (rev. 2004), and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 10(P) (rev. 2005) and 23 (rev. 2001) within

60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF DISBARMENT.