In Re Mary S. MEADE, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 413992).

No. 03–BG–847.

District of Columbia Court of Appeals.

Dec. 16, 2004.

---

Before FARRELL and REID, Associate Judges, and BELSON, Senior Judge.

PER CURIAM:

After the respondent Mary S. Meade refused to pay a court reporter whom she had hired to transcribe a deposition, failed to cooperate with the Virginia disciplinary authorities investigating the matter, and testified falsely that she had paid the reporter, the Virginia State Bar Disciplinary Board found that respondent's actions involved dishonesty and violated Virginia DR 1–102(A)(3) and (4), Rule 8.1(c) and (d), and Rule 8.4(b) and (c).[1] The Virginia Bar suspended her from the practice of law in that jurisdiction for thirteen months. On February 7, 2003, the Virginia Supreme Court affirmed her suspension.

Respondent did not report her suspension as required by D.C. Bar R. XI, § 11(b), but Bar Counsel reported it to this court after receiving a certified copy of the February 7th order from the Virginia Supreme Court. Although respondent has been administratively suspended since October 31, 2000, for non-payment of dues, we issued an order on August 26, 2003, temporarily suspending her pursuant to D.C. Bar R. XI, § 11(d). We also referred the matter to the Board on Professional Responsibility ("Board") and directed it to recommend whether identical, greater, or lesser discipline should be imposed as reciprocal discipline, or to state whether it would elect to proceed *de novo* under D.C. Bar R. XI, § 11.

On September 27, 2004, the Board submitted a Report and Recommendation asking that we impose identical reciprocal discipline, effective immediately but deemed to commence for the purposes of reinstatement on the date respondent files the affidavit required by D.C. Bar R. XI, § 14(g). Bar Counsel informs us that she takes no exception to the Board's Report and Recommendation, and respondent has not filed any exceptions.

In light of the heightened deference we give the Board's recommendation in cases such as this where no exceptions are filed, *see* D.C. Bar R. XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997), and given the rebuttable presumption favoring identical reciprocal discipline, *see In re Goldsborough*, 654 A.2d 1285 (D.C.1995); D.C. Bar R. XI, § 11(f), we hereby adopt the Board's Report and Recommendation. It is, therefore,

ORDERED that Mary S. Meade be suspended from the practice of law in the District of Columbia for the period of thirteen months. For the purpose of seeking reinstatement to the Bar, respondent's suspension shall not begin until she com-

---

1. The Board concludes, and we agree, that the Virginia rules are substantially similar to those of this jurisdiction.

plies with the affidavit requirements of D.C. Bar R. XI, § 14(g).

*So ordered.*