In re Robert A. RAS, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals.

No. 04–BG–341.

District of Columbia Court of Appeals.

Submitted Sept. 15, 2005.

Decided Sept. 29, 2005.

Before FARRELL and REID, Associate Judges, and STEADMAN, Senior Judge.

PER CURIAM.

On March 19, 2003, the Supreme Court of Illinois issued an order suspending respondent, Robert A. Ras, for one year and until further order of that court. Bar Counsel transmitted a copy of the Illinois order to this court, but Mr. Ras did not notify Bar Counsel of his Illinois suspension. We suspended Mr. Ras on April 27, 2004, pursuant to D.C. Bar R. XI, § 11(d), and directed the Board on Professional Responsibility ("Board") to recommend "whether identical, greater or lesser discipline should be imposed as reciprocal discipline, or whether the Board, instead, elects to proceed *de novo* [1] pursuant to Rule XI,

---

1. Although respondent is a member of the District of Columbia Bar, he has been admin-istratively suspended since December 2, 1996, for failure to pay dues.

§ 11." The Board issued its Report and Recommendation on December 22, 2004. We accept the Board's recommendation "that the Court impose reciprocal discipline of a one-year suspension with reinstatement conditioned on proof of fitness to practice law."

The Board determined that after investigation by the Illinois disciplinary authorities, Mr. Ras was charged with violations of the following Illinois Rules:

Rule 1.2(e) (threatening to present criminal charges to gain advantage in a civil matter); 3.3(a)(9) (intentional degradation of a witness or other person before a tribunal); 4.2 (communication with represented party with[out] lawyer's consent); 4.4 (respect for rights of third persons); 8.1(a)(1) (making false statements of material fact); 8.4(a)(4) (conduct involving dishonesty, fraud, deceit or misrepresentation); 8.4(a)(5) (engaging in conduct prejudicial to the administration of justice); and Illinois Supreme Court Rule 771 (conduct tending to defeat the administration of justice or bring the courts or the legal profession into disrepute).

A hearing was held on these charges on August 20, 2002; Mr. Ras received notice of the hearing. He did not participate in the proceeding, although he answered the formal charges. The Report and Recommendation of the Illinois Attorney Registration and Disciplinary Commission, dated December 11, 2002, found substantial evidence to support most of the charges against Mr. Ras.

Reciprocal discipline proceedings also were conducted before the Board. Mr. Ras failed to participate in those proceedings, despite a notification letter from the Board, dated April 16, 2004. After receiving the July 29, 2004 "Statement of Bar Counsel," the Board prepared and issued its Report and Recommendation.

Our review, as well as the Board's, in uncontested disciplinary cases is limited and the presumption is in favor of identical reciprocal discipline, unless the respondent demonstrates, or the court finds on the face of the record, by clear and convincing evidence, that one or more of the five exceptions set forth in D.C. Bar R. XI, § 11(c) applies. *See In re Zdravkovich,* 831 A.2d 964, 968 (D.C.2003); *In re Goldsborough,* 654 A.2d 1285, 1287 (D.C. 1995). Where no exception has been taken to the Board's Report and Recommendation, we give heightened deference to the Board's recommendation. *See* D.C. Bar R. XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). Under such circumstances, "the most the Board should consider itself obligated to do ... is to review the foreign proceeding sufficiently to satisfy itself that no obvious miscarriage of justice would result in the imposition of identical discipline ...." *In re Childress,* 811 A.2d 805, 807 (D.C.2002).

After its review of the Illinois record, and Bar Counsel's Statement, the Board declared: "[t]here is ... little doubt that the misconduct [alleged and substantiated in Illinois] would violate the District of Columbia's Rules of Professional Conduct[.]" It "found nothing that rises to the level of an obvious miscarriage of justice." *See In re Childress,* 811 A.2d at 807. Our own review satisfies us that Mr. Ras was not deprived of due process in Illinois, that there was substantial proof of his violations of the specified Illinois Rules; and that reciprocal discipline "would not result in grave injustice." D.C. Bar R. XI, § 11(c). Furthermore, we agree with the Board that "the imposition of identical reciprocal discipline is ... within the range of sanctions that would be imposed were this case considered as an original matter ...." *See In re Coates,* 855 A.2d 1116 (D.C.2004) (one-year suspension as recip-

rocal discipline where respondent did not notify Bar Counsel of his suspension in Maryland for misconduct in two cases). *In re Meade,* 863 A.2d 812 (D.C.2004) (thirteen-month suspension imposed in D.C. as reciprocal discipline for identical sanction in Virginia for actions of respondent involving dishonesty); *In re Weiss,* 839 A.2d 670 (D.C.2003) (three-year suspension with one year suspended in favor of two year's probation for respondent's diverting extensive law firm funds into personal account in violation of D.C. Bar R. 8.4(b) and 8.4(c)).

The Board further determined that in Illinois, reinstatement subject to further order of the court is the functional equivalent of a suspension with a fitness requirement in our jurisdiction. *See* D.C. Bar R. XI, § 16. Therefore, the Board recommended the reciprocal discipline of suspending respondent for one year with reinstatement conditioned upon proof of his fitness to resume the practice of law. We accept the Board's recommended sanction. Accordingly, it is

ORDERED that Robert A. Ras is suspended from the practice of law in the District of Columbia for a period of one year, with reinstatement conditioned upon proof of fitness pursuant to D.C. Bar R. XI, § 16. For purposes of reinstatement, the period of suspension will begin from the time Mr. Ras files the affidavit required by D.C. Bar R. XI, § 13(g). *See* D.C. Bar R. XI, § 16(c); *In re Slosberg,* 650 A.2d 1329, 1331–33 (D.C.1994). Until then, he shall remain under temporary suspension imposed by order of this court on April 27, 2004.

*So ordered.*