## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RITCHIE MULTI-STRATEGY GLOBAL, LLC, f/k/a/ CAPITAL, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. N18C-05-050 MMJ CCLD |
| v. | ) ) | |
| HUIZENGA MANAGERS FUND, LLC, | ) ) | |
| Defendant. | ) | |

Submitted: December 17, 2018
Decided:  January 15, 2019

**On Defendant's Motion to Dismiss the Amended Complaint
GRANTED IN PART.**

## <u>MEMORANDUM OPINION</u>

John A. Sensing, Esq. (Argued), Ryan C. Cicoski, Esq., Attorneys for Plaintiff

Steven L. Caponi, Esq., Matthew B. Goeller, Esq., K&L Gates, LLP, Christopher J. Barber, Esq. (Argued), Williams Montgomery & John Ltd., Attorneys for Defendant

**JOHNSTON, J.**

## <u>FACTUAL AND PROCEDURAL CONTEXT</u>

This case is one of nine actions brought by either the Defendant or an entity related to the Plaintiff.  Two cases were filed in Cook County, Illinois, one case in

1

DuPage County, Illinois, one case in Madison County, Illinois, one case in St. Clair County, Illinois, three cases in Delaware Superior Court, and one action in the Delaware Court of Chancery. The first two cases were brought by Huizenga Managers Fund, LLC in Cook County. The subsequent cases were filed by various Ritchie entities. All of the pending Illinois cases have been transferred to Cook County.

The 2007 Illinois suit arose from a dispute over the sale of securities. Huizenga Managers Fund, LLC ("Huizenga") is a hedge fund. Ritchie Multi-Strategy Global ("Ritchie") made two sales of securities to Huizenga through a Subscription Agreement. Huizenga brought suit against Ritchie in the Cook County Circuit Court in Illinois, alleging violations of the Delaware Securities Act ("DSA"). After a twenty-six-day trial, the Cook County court entered judgment in favor of Huizenga in regard to one of the two sales. On appeal, the Illinois Court of Appeals affirmed that judgment and granted Huizenga's cross-appeal for recovery relating to the other sale as well. The trial court entered a second judgment. On November 9, 2017, Ritchie filed a notice of appeal of the second judgment.

Huizenga's second pending Cook County action asserts claims for fraud, conspiracy and fraudulent transfer in connection with the judgments.

2

A Ritchie entity filed the first Delaware action in this Court,[1] seeking indemnification from Huizenga. By Opinion dated December 21, 2017, this Court stayed in favor of the Illinois litigation.[2]

The Madison County Illinois case was filed by "John Doe" against Huizenga, alleging disclosure of confidential information and seeking injunctive relief. The next Illinois action originally was filed in St. Clair County, also seeking injunctive relief on the basis of disclosure of confidential information. The St. Clair County judge transferred that case to Cook County.

A Ritchie entity filed suit in the Delaware Court of Chancery[3] alleging disclosure of confidential information and seeking injunctive relief. A motion to dismiss is pending.

This action is the second Delaware Superior Court Case. A Ritchie entity alleges breach of contract on the grounds that Huizenga pursued judgments in the Illinois litigation, and disclosed confidential information in the course of the judgment collection proceedings.

---

[1] N17C-05-598 MMJ CCLD.
[2] *Ritchie v. Huizenga Managers Fund, LLC*, 2017 WL 7803924 (Del. Super.).
[3] C.A. No. 2018-0196-SG.

3

The latest DuPage County, Illinois action filed by a Ritchie entity alleged that Huizenga disclosed confidential information and made disparaging comments in breach of contract. Plaintiff's motion to voluntarily dismiss was granted.

The pending DuPage County appeal was dismissed by Order dated December 21, 2018.

In the third case in Delaware Superior Court,[4] a Ritchie entity requests indemnification in connection with the Illinois judgments. Defendant's motion to dismiss or stay is in the briefing stage.

Pending before the Court at this time is Huizenga's Motion to Dismiss the Amended Complaint. Huizenga Managers Fund, LLC ("Huizenga") contends that: venue in Delaware is improper and the *McWane* factors favor two prior actions in Cook County, Illinois; this Court lacks jurisdiction over the claims of Ritchie Multi-Strategy Global, LLC ("Ritchie"); and Ritchie has failed to state a claim upon which relief may be granted.

## STANDARD OF REVIEW

Rule 12(b)(3) governs a motion to dismiss or stay on the basis of improper venue. In *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Engineering Co.,*[5]

---

[4] N18C-08-246 MMJ CCLD.
[5] 263 A.2d 281 (Del. 1970).

4

the Delaware Supreme Court prescribed a three-part test Delaware courts must consider when deciding whether to stay or dismiss an action: "(1) is there a prior action pending elsewhere; (2) in a court capable of doing prompt and complete justice; (3) involving the same parties and the same issues?"[6] If those three factors are satisfied, "*McWane* and its progeny establish a strong preference for the litigation of a dispute in the forum in which the first action was filed."[7] "[T]hese concepts are impelled by considerations of comity and the necessities of an orderly and efficient administration of justice."[8]

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must determine whether the claimant "may recover under any reasonably conceivable set of circumstances susceptible of proof."[9] The Court must accept as true all non-conclusory, well-plead allegations.[10] Every reasonable factual inference will be drawn in favor of the non-moving party.[11] If the claimant may recover under that standard of review, the Court must deny the motion to dismiss.[12]

---

[6] *LG Electronics, Inc. v. Interdigital Communications, Inc.*, 114 A.3d 1246, 1252 (Del. 2015) (citing *McWane*)).
[7] *Id.* (internal quotations omitted).
[8] *McWane*, 263 A.2d at 283.
[9] *Spence v. Funk*, 396 A.2d 967, 968 (Del.1978).
[10] *Id.*
[11] *Wilmington Sav. Fund. Soc'y, F.S.B. v. Anderson*, 2009 WL 597268, at *2 (Del. Super.) (citing *Doe v. Cahill*, 884 A.2d 451, 458 (Del.2005)).
[12] *Spence*, 396 A.2d at 968.

## ANALYSIS

### *First Delaware Superior Court Action*
### *Stayed Under* McWane

In the first Delaware Superior Court action, this Court granted in part Huizenga's motion to Dismiss or Stay.[13] This Court found that the action in Illinois filed in 2007 is a prior action involving the same parties.

Ritchie argued that the prior action is "effectively resolved." Ritchie urged the Court not to consider: a remaining writ of certiorari to the United States Supreme Court; and the determination of attorneys' fees and prejudgment interest, significant enough to warrant pending status under *McWane*.

However, on November 9, 2017,[14] Ritchie filed Notices of Appeal challenging the entry of the second judgment. That judgment therefore was not final.[15] Ritchie was free to make its indemnification argument on appeal, raising the possibility of conflicting rulings between this Court and the Illinois Court—one of "the precise problems *McWane* strives to eliminate."[16] This Court found that the 2007 Illinois action remained pending for *McWane* purposes.

---

[13] *Ritchie v. Huizenga Managers Fund, LLC*, 2017 WL 7803924, at *4.

[14] Two days after oral argument on this pending motion.

[15] *See Walsh v. Union Oil Co. of California*, 268 N.E.2d 706, 712 (stating that a judgment becomes final after the denial of appeal).

[16] *Choice Hotels Intern., Inc. v. Columbus-Hunt Park DR. BNK Investors, LLC*, 2009 WL 3335332, at *8 (Del. Ch.).

6

This Court also found that the second *McWane* factor had been met. The pending prior action was before a court with the capacity to hear it. As a court of general jurisdiction,[17] the Circuit Court of Cook County, Illinois is capable of "doing prompt and complete justice."[18] "[T]he full faith and credit clause of the Constitution precludes any inquiry into the merits of the cause of action, the logic or consistency of the decision, or the validity of the legal principles on which the judgment is based."[19] Allowing this claim for indemnification to proceed in the forum in which the underlying action has been litigated for ten years allows for prompt justice, in line with "the general policy embedded in the *McWane* doctrine that all related claims should be heard in the court in which an action is first brought."[20]

"*McWane* does 'not require that the parties and issues in both actions be identical. Substantial or functional identity is sufficient.'"[21] To determine whether issues are sufficiently identical for *McWane* purposes, courts ask whether "the

---

[17] Ill. Const., art. 6, § 9.
[18] *McWane*, 263 A.2d at 283.
[19] *V.L. v. E.L.*, 136 S. Ct. 1017, 1020 (2016).
[20] *See Fuisz v. Biovail Techs., Ltd.*, 2000 WL 1277369, at *1 (Del. Ch.).
[21] *LG Electronics, Inc. v. InterDigital communications, Inc.*, 98 A.3d 135, 146 (Del. Ch.) (quoting *AT&T Corp. v. Prime Security Distribs., Inc.*, 1996 WL 633300, at *2 (Del. Ch.)).

events underlying all the claims arose out of a common nucleus of operative facts."[22]

The events underlying the first Delaware action are substantially identical to the pending Illinois action. Ritchie is seeking relief based on the contract that facilitated the sales involved in the Illinois action. Both cases arise out of the same sales of securities between the same parties. Therefore, both actions involve the same issues under *McWane*. Indemnification could have been brought in the Illinois action as a matter of Illinois procedure and would not have been prohibited by Delaware substantive law. As a practical matter, the indemnification sought by Ritchie is a pending contractual setoff that should have been brought in the prior pending case.

This Court concluded that there is a prior action, pending before a court capable of doing prompt and complete justice, between the same parties, and involving the same issues. Therefore, the case must be stayed until the prior action is final. At that point, the Court can rule on Huizenga's argument that the case should be dismissed under Rule 12(b)(6).

---

[22] *Kennedy v. Barboza*, 2016 WL 6276903, at *5 (Del. Super.).

8

### McWane *Factors Favor a Stay in This Case*

Ritchie argues that the subject of this case is "purely contractual." The specific allegations in this Complaint seek relief for Huizenga's alleged breaches of its contractual obligations to indemnify Ritchie and to keep business information confidential. Ritchie further states that certain amendments to the Operating Agreement are presumptively valid and support venue in Delaware. The validity of the amendments (also referred to as "Resolutions" or "Consents") was raised in the action first filed in St. Clair County and transferred to Cook County.

It cannot be disputed that the original action involving the basic disputes among the parties was filed in Illinois. At this juncture, there are multiple cases pending in Cook County, Illinois. Even though the Ritchie entities in certain actions are legally distinct, the Plaintiff in this case has not disputed that all of the Ritchie entities are related. Although the claims in the various actions may have been styled to assert different theories for relief, all claims are based on the same operative facts. The contracts at issue appear to involve identical or similar language defining the rights and obligations of the parties. If all of the cases had been brought in Delaware in the first instance, it is likely that the cases would have been consolidated – at the very least for purposes of case management.

9

For the same reasons set forth in this Court's December 21, 2017 Opinion, the *McWane* factors weigh in favor of staying this case.

## CONCLUSION

Defendant's Motion to Dismiss the Amended Complaint is hereby **GRANTED IN PART**. The Court finds that there is at least one prior action pending in Illinois, in a court capable of doing prompt and complete justice, involving substantially the same parties and substantially the same issues.[23]

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

---

[23] *See McWane*, 263 A.2d at 283.

10